IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

03 DEC -3 AM 9:43

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| DIRECTV, INC., | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Case No.: CV 03-P-1676-NE |
| | } | |
| JACOB LANDERS, | } | |
| | } | ENTERED |
| Defendant. | } | DEC - 3 2003 |

### MEMORANDUM OPINION

I. **Introduction**

Presently before the court is an amended motion to dismiss filed by Defendant Jacob Landers on September 16, 2003. (Docs. #3, 5). Upon consideration, the amended motion to dismiss is due to be granted in part and denied in part.

II. **Plaintiff's Allegations**

Plaintiff, DIRECTV, Inc. ("DIRECTV"), is a direct broadcast satellite system that delivers television programming to subscribers in the United States. In order to receive and view DIRECTV's satellite signal, a subscriber must be equipped with digital satellite system hardware, which consists of a satellite dish, an integrated receiver/decoder ("IRD"), and an access card that is necessary to operate the IRD. From various broadcast centers, DIRECTV digitizes and compresses the programming and encrypts the signal that is sent to its subscribers to prevent unauthorized receipt of the programming. When a customer subscribes to one of its programming packages, DIRECTV electronically activates the subscriber's access card in accordance with the terms of the subscription. The access card acts as a reprogrammable microprocessor and uses "smart card"



technology to control which programming the subscriber is permitted to view and transmit to DIRECTV the subscriber's impulse pay-per-view information.

In 2001, DIRECTV executed writs of seizure of the records of an internet company that other entities allegedly used to mail and ship pirate access devices (PADs). PADs allow pirate access cards to circumvent DIRECTV's encryption protection system and allow non-DIRECTV subscribers to view DIRECTV programming. After receiving the above-referenced records, DIRECTV sued various individuals, including Defendant in this case, who allegedly purchased such devices.

Plaintiff's complaint presents four separate counts. Count One alleges that Defendant violated 47 U.S.C. § 605(a).[1] Count Two alleges that Defendant violated 18 U.S.C. § 2511(1).[2] Count Three alleges that Defendant violated 18 U.S.C. § 2512(1)(b). Count Four alleges that Defendant is liable for the tort of conversion under Alabama common law. Each of these counts is discussed below.

A.   **Count One (47 U.S.C. § 605)**

Title 47 U.S.C. § 605(a) provides in pertinent part, as follows:

> (a)  Practices prohibited
>
> Except as authorized by chapter 119, Title 18, no person **receiving, assisting in receiving**, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio **shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception,** (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to

---

[1] This statutory provision is part of the Federal Communications Act.

[2] Both 18 U.S.C. §§ 2511(1) and 2512(1)(b) are part of the Electronic Communications Privacy Act ("the Act").

2

> proper accounting or distributing officers of the various communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving, (5) in response to a subpoena issued by a court of competent jurisdiction, or (6) on demand of other unlawful authority. **No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his benefit or for the benefit of another not entitled thereto.** No person **having received any intercepted radio communication** or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a) (emphasis added). Section 605(e)(3)(A) provides that "[a]ny person aggrieved by any violation of [§§ 605(a) or 605(e)(4)] may bring a civil action in a United States district court or in any other court of competent jurisdiction." 47 U.S.C. § 605(e)(3)(A). In Count One of its complaint, DIRECTV alleges that Defendant "received and assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization," in violation of § 605(a).

B. **Count Two (18 U.S.C. § 2511)**

Title 18 U.S.C. § 2511(1) provides, in pertinent part, that "any person who ... intentionally intercepts ... any wire, oral or electronic communication ... shall be punished [in a criminal action] as provided in subsection (4) or shall be subject to suit [in a civil action] as provided in subsection

3

(5)." 18 U.S.C. § 2511(1).[3]  In Count Two of its complaint, DIRECTV alleges that Defendant intercepted DIRECTV's satellite transmissions of television programming by using a pirate access device to decrypt and view these transmissions in violation of § 2511(1).

    C.    <u>**Count Three (18 U.S.C. § 2512)**</u>

Title 18 U.S.C. § 2512(1)(b) provides that "any person who intentionally ... manufactures, assembles, possesses or sells any electronic, technical, or other device [that is] primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications ... shall be fined not more than $10,000 or imprisoned not more than five years, or both." 18 U.S.C. § 2512(1)(b). In Count Three, DIRECTV alleges that Defendant manufactured, assembled, sold, possessed, and/or used pirate access devices, knowing or having reason to know that the design of such devices render them primarily useful for the purpose of surreptitious interception of DIRECTV's satellite transmissions of television programming. As discussed more fully below, § 2512(1)(b) contains no reference to a civil action and does not refer to the civil action subsection of the Act, § 2520(a).

    D.    <u>**Count Four (Conversion)**</u>

Alabama recognizes the tort of conversion. *See e.g.*, *Ott v. Fox*, 362 So. 2d 836, 839 (Ala. 1978). In Count Four of its complaint, DIRECTV alleges that, by using a pirate access device, Defendant unlawfully converted to his own use and benefit property belonging to DIRECTV.

---

[3] Subsection (5) is codified at 28 U.S.C. § 2520. Section 2520(a) provides, with an exception not relevant here, that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [18 U.S.C. § 2510 *et seq.*] may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate."

III.    **Appropriate Standard**

Defendant has challenged the sufficiency of the complaint under Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.* 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)).

IV.     **Discussion**

Defendant has moved to dismiss all four of Plaintiff's counts. However, only Plaintiff's argument regarding Count Three requires discussion here. The remainder of Plaintiff's arguments asserting that the other counts should be dismissed are without merit.

Before analyzing Defendant's argument that DIRECTV cannot state a claim for a violation of § 2512(1)(b), it is important to discuss the language of § 2520(a), a separate subsection of the Act. Section 2520(a) provides for civil actions. As already noted, that provision states that, with an exception not relevant here:

> any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [18 U.S.C. § 2510 *et seq.*] may in a civil action recover from the person or entity which engaged in that violation such relief as may be appropriate.

The courts are split as to whether a § 2520(a) claim can be asserted for a violation of § 2512. *Compare Flowers v. Tandy Corp.*, 773 F.2d 585, 588, 589 (4th Cir. 1985) ("the express language of § 2520 ... is not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512" because § 2520 "expressly limits [the class of persons] against whom the private action lies to the person who 'intercepts, discloses, or uses ... such communications'"); *DIRECTV, Inc. v. Childers*, 274 F. Supp. 2d 1287, 1288-89 (M.D. Ala. 2003) (Albritton, J.) ("possession of 'pirating' equipment may establish a violation of the criminal statute, but cannot support a civil action for damages" under § 2512); *DirecTV v. Cardona*, 275 F. Supp. 2d 1357, 1367 (M.D. Fla. 2003) ("although ... possessing ... satellite decrypters might now be criminally sanctioned under ... § 2512(1)(b), as § 2520(a) presently reads, such conduct does not subject a person to civil liability") *with Oceanic Cablevision, Inc. v. M.D. Elec.*, 771 F. Supp. 1019 (D. Neb. 1991) ("Court cannot conclude beyond doubt that plaintiff has failed to state a cause of

action under § 2520 for the alleged violation of § 2512(1)(a)-(b)."); *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077 (C.D. Cal. 2002) ("Under the rationale of *Oceanic*, the Court cannot conclude that the plaintiff has failed to state a cause of action under § 2520 for an alleged violation of § 2512."). This court has reviewed these and other cases addressing the issue and believes the better view is that § 2520(a) does not provide a civil remedy for a violation of § 2512(1)(b) for several reasons.

First, the language of § 2520(a) is limited to situations in which a person's "wire, oral, or electronic communication is intercepted, disclosed, or intentionally used ...." 28 U.S.C. § 2520(a). Contrast that language of § 2520(a) with the language of § 2512(1)(b). The latter makes unlawful the "manufacture[], assembl[y], possess[ion], or [sale of] any electronic, technical or other device [that is] primarily useful for the purpose of surreptitious interception of wire, oral, or electronic communications ...." Therefore, § 2512 prohibits mere possession of a device that is primarily used for interception; that section is silent as to actual interception of a covered communication. Conversely, the language of § 2520(a) requires proof of an interception and does not provide a remedy for mere possession of an intercepting device.[4]

Second, § 2511(a) specifically provides that a person who violates that subsection "shall be subject to suit as provided in [§ 2520(a)]." 28 U.S.C. § 2511(a). Section 2512(1)(b) contains no

---

[4] To the extent DIRECTV asserts that Count Three alleges interception and, therefore, states a viable claim under § 2520(a), the court disagrees. Even if Count Three could be interpreted to be a claim for interception, and not mere possession, it: (1) does not track the language of § 2512(1)(b) (which prohibits possession and not interception); and, in any event, (2) would simply be redundant of Count Two, which states a claim for interception under § 2511(1). That is, the theories of recovery under Counts Two and Three would be the same. To the extent Plaintiff asserts that Count Three also states a claim for interception, and not mere possession, the court will deem defendant's motion to dismiss as presenting, in the alternative, a motion to strike. *See* Fed. R. Civ. P. 12(f). Accordingly, in that event, Count Three is due to be stricken as duplicative of Count Two.

similar language. When Congress includes particular language within one section of a statute but omits it from another section of the same Act, "it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *United States v. Saunders*, 318 F.3d 1257, 1264 (11th Cir. 2003); *see also DirecTV v. Hosey*, 2003 WL 22463055, at *4 (D. Kan.2003) (citing *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Association*, 453 U.S. 1, 14-15 (1981)). Without question, Congress could have included the word "possesses" in the list of prohibited actions under § 2520(a). It did not.

Finally, the court agrees with the analysis in *Flowers* that distinguished between a violation of § 2511 (wherein there is a victim to whom Congress has given the right to seek civil relief) and § 2512 (where, as there is no actual interception, there is no such victim to whom Congress has given such a right). *See DirecTV v. Amato*, 269 F.Supp. 2d 688, 691 (E.D. Va. 2003).[5]

V.  **Conclusion**

For the reasons discussed above, the amended motion to dismiss (Docs. #3, 5) is hereby **GRANTED** as to Count Three of Plaintiff's complaint but otherwise **DENIED** as to Counts One, Two, and Four, which shall remain. A separate order will be entered.

**DONE** this ___2nd___ day of December, 2003.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[5] The court also agrees with the *Amato* court's analysis regarding the 1986 amendments to § 2520(a). The amendments do not alter the non-viability of Plaintiff's § 2512(1)(b) claim.